## THE TOWN OF ACWORTH *vs.* THE TOWN OF LYNDEBOROUGH.

A person who was chosen surveyor of highways by a town and accepted the office, but before the expiration of the year for which he was chosen, removed to another town, was held not to gain a settlement thereby in the town where he was chosen surveyor.

THIS was an action of assumpsit for the support of one *Oliver Parker*, a pauper, alleged to have his legal settlement in Lyndeborough. The cause was submitted to the decision of the court upon the following facts. *Oliver Parker*, the pauper, is the son of *Robert Parker*, from whom he derives his settlement, and Lyndeborough is liable in this action for the sum claimed, unless *Robert Parker* gained a settlement in that part of Amherst, which is now Mont-Vernon, by being duly chosen surveyor of highways in said Amherst, in March, 1802, and actually serving in that office until April, 1803, when he removed from said Amherst and became an inhabitant of another town, but during his residence in Amherst, he collected all the highway taxes assessed for the year 1802.

*Upham*, for the plaintiff.

*J. Smith*, for the defendant.

RICHARDSON, C. J. The statute of June 1, 1796, sec. 5, (2) provides that any person who shall be chosen and actually serve one year in the office of clerk, &c. being duly elected thereto in any town, &c. shall thereby gain a settlement in said town, &c. The statute of Feb. 27, 1786, sec. 3,(3) provides " that surveyors of highways shall be considered as " beginning their office the first day of June, next following " their appointments in March, and to continue in office for " the term of one year from the time of beginning said of- " fice."

(2) 1 N. H. Laws 362.

(3) 1 N. H. Laws 389.

Acworth
*vs.*
Lyndeboro'.

The collection of the highway taxes is not the only duty imposed by law upon a surveyor of highways. It is his duty to see it duly expended in the repair of highways, and to see that the highways are kept in due repair through the year. Where a town is compelled to pay damages happening to any person by means of the insufficiency or want of repairs in any highway or bridge, such town has its remedy against the surveyor, by whose fault, or neglect, the same happened.(1)    When a surveyor of highways removes from the town, in which he was chosen for the purpose of residing permanently in another town, he is no longer in a situation to discharge the duties of his office, and it would be unreasonable to make him answerable for any neglect of duty. The removal must therefore be considered as *ipso facto* a resignation of his office. It is clear, that if he removes before the end of the year, he does not serve a year within the meaning of the statute of Jan. 1, 1796. The case of *Paris* vs. *Hiram*,(2) is strongly in point, and we are clearly of opinion, that there must be

(1) 1 N. H. Laws 389.

(2) 12 Mass. Rep. 262.

*Judgment for the plaintiffs.*