# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0498, <u>State of New Hampshire v. Matthew Ryan Fritz</u>, the court on November 2, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, Matthew Ryan Fritz, was charged with aggravated driving under the influence, <u>see</u> RSA 265-A:3, III (2014), driving under the influence, <u>see</u> RSA 265-A:2 (2014), and driving while intoxicated, <u>see</u> RSA 265-A:2, I(a). Following trial, the Circuit Court (<u>Stephen</u>, J.) found the defendant guilty on all three charges but ruled that it would sentence him on the "Aggravated charge only and procedurally dismiss the underlying charges as lesser included offenses."

The defendant then appealed to the superior court and filed a motion to suppress his breath test, based on the State's failure to provide him with a second breath sample. At the hearing on the motion, the Trial Court (<u>St. Hilaire</u>, J.) noticed that the State's Intoxilyzer calibration certificate had expired two days before the defendant's arrest on June 22, 2018. The court denied the State's request for a brief recess, then granted the defendant's motion to suppress and, <u>sua</u> <u>sponte</u>, dismissed the State's case. The State now appeals, arguing that the trial court: (1) unsustainably exercised its discretion when it denied the State's request for a brief recess; (2) unsustainably exercised its discretion when it suppressed all of the evidence related to all of the charges and then dismissed them <u>sua</u> <u>sponte</u>;[1] and (3) erred when it denied the State's motion to reconsider. We reverse and remand.

The record before us contains the following information. The defendant's motion requested that his breath test results be suppressed "because a second sample was not preserved, in violation of Part I, Article 15 of the New Hampshire Constitution." Prior to the hearing on the motion to suppress, the State notified defense counsel that it intended to call an expert to testify "to the functionality of the Intox[i]lyzer breath testing units used in the State of New Hampshire." The

_____

[1] Although the State argues in its brief that the trial court "erred when it concluded that all of the charges required proof of blood alcohol content," at oral argument, the State conceded that the only charge before the superior court was the aggravated driving under the influence charge. <u>See</u> RSA 265-A:3, III (requiring proof of blood alcohol concentration of 0.16 or more).

defendant filed a motion to exclude the expert witness, arguing in part: "The functionality of the Intoxilyzer units has nothing to do with whether [the arresting officer] was required to capture a second sample per statute or whether the State can establish that capturing a second sample was unfeasible . . . ."

Two witnesses were present to testify on the State's behalf at the suppression hearing: the arresting officer and the previously-disclosed expert. At the beginning of the hearing, the trial court described the motion: "[It] still seems to only argue the legality of not getting the samples. I don't see any other issue in the motion to suppress unless I'm missing it." Defense counsel confirmed that this description was "correct." The court went on to rule that it would proceed with the hearing: "[I]t's a simple legal issue. Either they're required to by statute, or they're not, depending on how I decide that."

During testimony by the State's first witness, the arresting officer, the Intoxilyzer calibration certificate was admitted without objection. As testimony was continuing, the trial court stated: "So let me interrupt the testimony. So State's Number 2 is the calibration certificate, which expires June 20th. The arrest is after June 20th?" The State agreed and offered that it may have uploaded the wrong calibration certificate as its exhibit. After a short pause, the State reported: "So it does appear that this is the only calibration certificate that the State is in possession of currently." The State then requested a 15-20 minute recess to contact the Salem Police Department to determine whether it could provide the updated calibration certificate and maintenance log. As part of its ruling, the trial court observed that the case had been continued multiple times, while also acknowledging that it was the defendant "who created [the] continuances." The court then denied the requested recess, expressing its concern that it not set a precedent by giving the State "time to gather evidence in the middle of a hearing that it should have had prior to the hearing. . . . Although this is easy to get because it's a fax." The trial court concluded that it could not find that the machine was certified on the date of the arrest; "[s]o given that, I'm going to dismiss the case."

The court allowed the State to argue that it should reconsider its ruling but denied the motion, stating: "So I can't even get to the issue of whether the sample should have been provided or not if I can't determine whether the machine was certified, which is a requirement under the rules."

The parties agree that the applicable standard of review of the trial court's ruling in this case is whether the court unsustainably exercised its discretion when it denied the State's request for a brief recess and dismissed the case. When asked to determine whether a ruling made by the trial court is a proper exercise of discretion, we review whether the record establishes an objective basis sufficient to sustain the discretionary judgment made. State v. Lambert, 147

2

N.H. 295, 296 (2001).  To establish that the trial court's ruling is unsustainable, the appealing party must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of its case.  State v. Spaulding, 172 N.H. 205, 208 (2019).

The record before us indicates that the parties and the court understood that the issue to be addressed at the suppression hearing was whether the State was required to provide a second breath sample to the defendant.  The answer to that question did not turn on whether the Intoxilyzer used on the night of the defendant's arrest had been certified.  The defendant did not object to the certificate's introduction into evidence or otherwise raise the issue of whether the certificate was valid.  Instead, the court, after reviewing the document, sua sponte announced that the certificate appeared to have expired before the defendant's arrest.  When the court did so, the State requested a brief recess of "less than a 15-to-20 minute maximum continuance" in order to contact the police department to ask whether they were able to provide the updated certification.  The trial court stated that it did not want to set a precedent, although it further noted that, in this case, "this is easy to get because it's a fax."

On the facts of this case, we agree with the State that the trial court unsustainably exercised its discretion by denying the State a brief recess to contact the police department in an effort to obtain the correct certification document.  The contested issue at this preliminary hearing related to the failure to provide a second breath sample to the defendant.  Proof that the Intoxilyzer had been certified was unnecessary in order to decide the issue presented in the motion to suppress.  Nothing in the record indicates that a brief recess to permit the State to attempt to locate the correct certificate would have prejudiced the defendant or disrupted the trial court's schedule.  Given our preference for deciding cases on the merits, and based on the facts of this case, we conclude that the trial court erred.  The State has demonstrated that the trial court's ruling was clearly unreasonable to the prejudice of its case.  See id.  Given our conclusion, we need not address the parties' remaining arguments.

Accordingly, we reverse and remand for further proceedings consistent with this order.

Reversed and remanded.

MACDONALD, C.J., and BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,
Clerk**

3